# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF SOUTH CAROLINA

### COLUMBIA DIVISION

YVONNE WASHINGTON )
DERRICK as personal representative )
of the ESTATE OF RONALD )
G. DERRICK, )
)
                Plaintiff, )  Civil Action No. 3:04-647-MBS-BM
)
v. )
) **REPORT AND RECOMMENDATION**
THE UNIVERSITY OF SOUTH )
CAROLINA, )
)
            Defendant. )
_____)

        This action was filed by the Plaintiff pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et. seq., alleging employment discrimination. The Defendant filed a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P., on September 30, 2005. After receiving an extension of time to respond, Plaintiff filed a memorandum in opposition to the Defendant's motion on October 25, 2005, following which Defendant filed a reply memorandum on November 4, 2005. Defendant's motion is now before the Court for disposition.[1]

---

[1]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(g), D.S.C. The Defendant has filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.



## Background and Evidence[2]

The deceased, Ronald Derrick (hereinafter Plaintiff), was an African-American who was employed by the Defendant as a maintenance worker from the late 1970s until his death in October 2002. On or about October 5, 1999, Plaintiff as well as some other maintenance employees of the Defendant filed a joint administrative charge of discrimination with the Equal Employment Opportunity Commission (EEOC). See Defendant's Attachment A. The EEOC reviewed these complaints, which alleged discrimination between August 19, 1997 and October 1, 1999, for each individual listed on the administrative charge. Id. After Plaintiff's receipt of a right to sue letter on May 21, 2001; see Defendant's Attachment B; this action was filed in the United States District Court asserting claims for disparate treatment race discrimination.[3]

Following numerous discovery problems between the parties, an order was issued on February 15, 2005 which required Plaintiff to identify with specificity his claim against the Defendant. Plaintiff's response was as follows:

> The plaintiff is the personal representative of the late Ronald Derrick, who originally instituted this action while alive and working for the University. Attached is a letter from the plaintiff's attorney, Hyman Rubin, Jr., which sets out Mr. Derrick's contention that he was subjected to much more work and that, although he was compensated for the work the work was imposed on him after he initiated his complaint of racial discrimination against USC....As for retaliation, Mr. Derrick was called into Gerald Goings' office after initiating his complaint and asked questions by Mr. Goings which the plaintiff felt were designed to chill his efforts to obtain fair treatment.

---

[2]The facts and evidence are considered and discussed hereinabove in the light most favorable to the Plaintiff, the party opposing summary judgment. Pittman v. Nelms, 87 F.3d 116, 118 (4th Cir. 1996).

[3]Plaintiff initially filed a joint lawsuit together with the other maintenance employees. That initial action was subsequently withdrawn so that each Plaintiff could separately pursue their own individual claims in this Court.

2



See Plaintiff's Supplemental Answers to Defendant's Interrogatories
.

### Discussion

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(c), Fed.R.Civ.P. The moving party has the burden of proving that judgment on the pleadings is appropriate. Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing there is a genuine issue for trial." Rule 56(e), Fed.R.Civ.P.

With respect to Plaintiff's claim, which alleges unlawful retaliation by his supervisor, Gerald Goings, after Plaintiff complained about racial discrimination, Defendant argues that this claim is subject to dismissal because Plaintiff has submitted no admissible evidence to support such a claim. After careful review and consideration of the arguments and evidence presented, the undersigned is constrained to agree.

Assuming Plaintiff has otherwise properly exhausted his administrative remedies in order to allow him to proceed with a retaliation claim in this Court[4], in order to proceed with this claim Plaintiff would first have to submit sufficient evidence to establish a prima facie case of retaliation, consisting of three elements: (1) the employee engaged in protected activity; (2) the

---

[4]The undersigned notes that, in another case filed by one of the other maintenance employees listed on the joint administrative charge of discrimination, a finding was made that the charge of discrimination submitted by these Plaintiffs did not include a claim for unlawful retaliation. See Stewart v. University of South Carolina, C/A No. 3:04-625. See also Aloe Creme Laboratories, Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970) [This Court may take judicial notice of its own records.]; see also Smith v. First Union Nat'l Bank, 202 F.3d 234, 247 (4th Cir. 2000) ["A plaintiff's EEOC charge defines the scope of [his] subsequent right to institute a civil suit."].

3



employer took adverse employment action against the employee; and (3) a causal connection exists between the protected activity and the adverse action. <u>Munday v. Waste Management of North America, Inc.</u>, 126 F.3d 239, 242 (4th Cir. 1997). If a prima facie case is presented, the Defendant employer then has the burden of producing a legitimate, non-discriminatory reason for its actions. If the employer can produce a legitimate, non-discriminatory reason for its actions, the employee is then required to demonstrate that the Defendant's proffered reason is pretextural. <u>Id.</u>

   Here, while it is undisputed that the Plaintiff engaged in protected activity by filing an EEOC claim, Plaintiff acknowledges in his brief that "[d]ue to the death of [Plaintiff], and since there is no memorialization of his testimony, it is conceded that proof of his alleged discrete act claims would be virtually impossible." <u>Plaintiff's Memorandum</u>, p. 7. Defendant also points out that Plaintiff was served with a request to admit that provided: "[O]ther than what Plaintiff may have already produced in discovery (by way of responses to Defendant's Interrogatories and Requests for Production), Plaintiff has no admissible evidence that race motivated any adverse employment action taken against [him]...[or] that any adverse employment action taken against him was on account of his engagement in a protected activity." <u>See</u> <u>Defendant's Request to Admit</u>. Defendant represents to the Court that Plaintiff did not respond to this request, which constitutes an admission under Rule 36, Fed.R.Civ.P.    Plaintiff does not dispute this representation in his memorandum opposing summary judgment. Finally, Defendant also points out that the letter referred to in Plaintiff's response to supplemental interrogatories (even assuming this letter constitutes admissible evidence) does not reference race discrimination or any complaint filed against the Defendant. <u>See</u> <u>Plaintiff's Supplemental Answers to Interrogatories</u>.

4



In sum, Plaintiff has presented no admissible evidence to show that he was subjected to any unlawful retaliation by the Defendant for having engaged in protected activity. While not disputing this fact, Plaintiff argues in his response to the Defendant's motion for summary judgment that "the language of [Plaintiff's] EEOC charge and the complaint, coupled with the testimony and evidence of the fifteen other similarly situated African-American USC employees supports a claim of hostile work environment." Plaintiff also argues that, to the extent any hostile work environment claim may be considered untimely, he is entitled to equitable relief. For the reasons set forth hereinbelow, the undersigned does not find that either of these arguments has any merit.

First, pursuant to this Court's order of February 15, 2005, Plaintiff was required to specifically identify the claim or claims he was asserting in this lawsuit. In response to this order and the Defendant's supplemental interrogatories, Plaintiff asserted only a retaliation claim. No evidence, exhibits, or other information has been submitted to this Court to show that any hostile work environment claim was being asserted by this Plaintiff. Plaintiff cannot now change his theory of recovery, nor is the Defendant required to defend a claim which essentially becomes a "moving target" depending on the facts and arguments presented.[5]

In any event, even if Plaintiff had asserted a hostile work environment claim in this case, "[i]ncidents outside of the statutory window are [nevertheless] time-barred unless they can be

---

[5]As noted hereinabove, Plaintiff also refers in his memorandum to claims of other individuals who worked for the Defendant. However, the previous multi-Plaintiff case was dismissed specifically so that each Plaintiff could pursue their own, *individual*, claim against this Defendant. Neither this action, or even the prior multi-Plaintiff action, is or ever was a class action. <u>Honor v. Booz-Allen & Hamilton, Inc.</u>, 383 F.3d 180, 190 (4th Cir. 2004) ["[A]n individual plaintiff in a private, non-class action alleging employment discrimination is not litigating common questions of fact, but the discrete question of whether the employer discriminated against the plaintiff in a specific instance."], (quoting <u>Lowery v. Circuit City Stores, Inc.</u>, 158 F.3d 742, 761 (4th Cir. 1998)).



related to a timely incident as a 'series of separate but related acts' amounting to a continuing violation". <u>Beall v. Abbott Laboratories</u>, 130 F.3d 614, 620 (4th Cir. 1997), citing <u>Jenkins v. Home Ins. Co.</u>, 635 F.2d 310, 312 (4th Cir. 1980); <u>National RR Passenger Corp. v. Morgan</u>, 536 U.S. 101, 105 (2002) ["[C]onsideration of the entire scope of a hostile work environment claim, including behavior alleged outside the statutory time period, is permissible for the purposes of assessing liability, so long as any act contributing to that hostile work environment takes place within the statutory time period."]; *cf.* <u>Huckabay v. Moore</u>, 142 F.3d 233, 239 (5th Cir. 1998) [distinguishing applicability of the continuing violation theory to hostile work environment claims, for which it may be used, from other types of claims, such as failure to promote]. Plaintiff has submitted no evidence of any specific act contributing to any hostile work environment against him that took place within the statutory time period. <u>Morgan</u>, 536 U.S. at 110 [claimant has 300 days to file his administrative charge following a discriminatory act]. Therefore, Plaintiff's hostile work environment argument is without merit.

As for equitable estoppel, Plaintiff states in his brief only that "[f]iling a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel and equitable tolling", citing to <u>Zipes v. Trans World Airlines, Inc.</u>, 455 U.S. 385 (1982)]. <u>Plaintiff's Memorandum</u>, p. 7. While setting forth this standard, however, Plaintiff has offered no evidence whatsoever to show why he is entitled to equitable relief in this case, and the Court cannot allow Plaintiff's Title VII claim to proceed on such an unsubstantiated argument. "Equitable relief is reserved for only the most deserving complainants," usually where there exists affirmative misconduct. <u>Polsby v. Chase</u>, 970 F.2d 1360, 1363 (4th Cir. 1992), <u>vacated on other grounds</u>, 113



S.Ct. 1940 (1993)

> Federal courts have typically extended equitable relief only sparingly. We have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass. We have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights.

Polsby, 970 F.2d at 1363 (quoting Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990)).

Here, as noted, Plaintiff has presented no evidence to show that he is entitled to equitable estoppel in this case. Ramirez v. City of San Antonio, 312 F.3d 178, 183 (5th Cir. 2002) ["The party who invokes equitable tolling bears the burden of demonstrating that it applies in his case."]; see also Madison v. St. Joseph Hospital, 949 F.Supp. 953, 960 (D.N.H. 1996).

In reaching the conclusion set forth herein, the undersigned is not signaling a lack of concern over Plaintiff's claim. However, the Fourth Circuit has strictly construed the statutory filing requirements for Title VII cases, holding that "[p]rocedural requirements…for gaining access to the…courts are not to be disregarded by courts out of a vague sympathy for particular litigants." Polsby, 970 F.2d at 1364, vacated on other grounds, 113 S.Ct. 1940 (1993), (quoting Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 152 (1984)); see Poteat v. Mack Trucks Inc., No. 96-1437, 1997 WL 33117, **4 (4th Cir. January 28, 1997); Chappell v. Emco Machine Works Co., 601 F.2d 1295, 1303 (5th Cir. 1979). Therefore, Plaintiff is not entitled to any equitable relief in this case.

## Conclusion

Based on the foregoing, it is recommended that the Defendant's motion for



summary judgment be **granted**, and that this case be **dismissed**.

_____
Bristow Marchant
United States Magistrate Judge

Columbia, South Carolina

August 3, 2006

